UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

ENTERED
AUG 3 0 2013
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.                              CRIMINAL NO.   2:13-cr-00225
                                               18 U.S.C. § 1349
JAMES GREGORY GLICK,                           18 U.S.C. § 1343
GUY R. MILLER,                                 18 U.S.C. § 2
SHAWN C. SIMON and                             18 U.S.C. § 1341
WILLIAM JAMEY THOMPSON                         18 U.S.C. § 844(h)(1)
                                               18 U.S.C. § 844(n)
                                               18 U.S.C. § 844(i)
                                               18 U.S.C. § 1512(c)(1)
                                               18 U.S.C. § 1957
                                               31 U.S.C. § 5324(a)(3)
                                               31 U.S.C. § 5324(d)(2)

POST-INDICTMENT RESTRAINING ORDER

The United States has made an *ex parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a Post-Indictment Restraining Order to preserve the availability of certain assets and properties that are subject to forfeiture in the above-styled criminal action. Upon consideration of the Government's application, and the Legal Memorandum submitted in support thereof, and the Indictment of the defendants, it appears to the Court that there is reasonable cause to enter a restraining order to preserve the subject property based upon the following:

1. On August 30, 2013, a federal grand jury of this district returned an Indictment against the defendants, on charges of conspiracy to commit mail fraud and wire fraud, arson, obstruction of justice, unlawful monetary transactions, and structuring. Furthermore, the Indictment alleges criminal forfeiture under 18 U.S.C. § 2461(c), 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 31 U.S.C. § 5317(c)(1) and 21 U.S.C. § 853 of certain property identified below in which the respective defendants hold an interest:

    (a)    Certain real property having a street address of 111 Stratton Street, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto and being more fully described in that certain deed dated January 9, 2012, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 606 at page 123. Said property is presently titled solely in the name of defendant JAMES GREGORY GLICK;

    (b)    Certain real property consisting of three parcels, nos. 5, 6 and the western half of no. 7 in Block 8 of the Middelburg Addition to the City of Logan, having a street address of 123 River Road, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated September 6, 2012, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 609 at page 199. Said property is presently titled solely in the name of defendant JAMES GREGORY GLICK;

    (c)    Certain real property having a street address of 592 Walnut Street, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated April 12, 2010,

|     |     |
| --- | --- |
|     | and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 598 at page 561. Said property is presently titled solely in the name of defendant JAMES GREGORY GLICK; |
| (d) | Certain real property consisting of .40 acres, having a street address of 275 Airport Road, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated July 5, 2011, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 604 at page 120. Said property is presently titled in the names of defendant WILLIAM JAMEY THOMPSON and another person; |
| (e) | Cashier's check #306701 dated June 20, 2013 in the amount of $21,372.09 seized from Logan Bank & Trust Account XXX4345 held in the name of defendant JAMES GREGORY GLICK and his deceased father, Phil Glick, Jr.; |
| (f) | All funds on deposit in Logan Bank & Trust Account XXX4345 held in the name of defendant JAMES GREGORY GLICK and his deceased father Phil Glick, Jr.; |
| (g) | Cashier's check #31980 dated June 20, 2013 in the amount of $20,038.45 seized from Premier Bank Account XXX5795 held in the name of defendant JAMES GREGORY GLICK; |
| (h) | All funds on deposit in Premier Bank Account XXX5795 held in the name of defendant JAMES GREGORY GLICK; |
| (i) | Wire transfer in the amount of $440,434.93 dated on or about June 20, 2013 from UBS Financial to the United States Treasury representing all funds seized from UBS Account LV XX033 held in the name of defendant JAMES GREGORY GLICK; |
| (j) | All funds on deposit in UBS Account LV XX033 held in the name of defendant JAMES GREGORY GLICK; |
| (k) | A 2009 Chevrolet Tahoe with VIN 1GNFK23069R214454 registered with the West Virginia Division of Motor Vehicles in the name of defendant JAMES GREGORY GLICK; |

 (l) A 2000 Donzi 28 ZX/Daytona Boat with Hull # DNAZ7012I900 registered with the West Virginia Division of Motor Vehicles defendant WILLIAM JAMEY THOMPSON; and

 (m) A 2009 Chevrolet Malibu with VIN 1G1ZJ57B994156004 registered with the West Virginia Division of Motor Vehicles defendant SHAWN C. SIMON or another person.

2. A federal grand jury's Indictment of defendants, which specifically identified property as being subject to forfeiture under 31 U.S.C. § 5317(c)(1), establishes sufficient probable cause for the issuance of this restraining order.

3. In the event of conviction of the respective defendants on the respective charges referenced in the forfeiture provision, the subject property would be subject to forfeiture under 31 U.S.C. § 5317(c)(1) and 21 U.S.C. § 853.

4. The need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

5. Any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

**THEREFORE, IT IS HEREBY ORDERED AND DECREED:**

That, effective immediately, the defendants JAMES GREGORY GLICK, GUY R. MILLER, SHAWN C. SIMON and WILLIAM JAMEY THOMPSON, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby

**RESTRAINED, ENJOINED,** and **PROHIBITED**, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the following property:

(a) Certain real property having a street address of 111 Stratton Street, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto and being more fully described in that certain deed dated January 9, 2012, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 606 at page 123. Said property is presently titled solely in the name of defendant JAMES GREGORY GLICK;

(b) Certain real property consisting of three parcels, nos. 5, 6 and the western half of no. 7 in Block 8 of the Middelburg Addition to the City of Logan, having a street address of 123 River Road, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto, and

5

      being more particularly described in that certain deed dated September 6, 2012, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 609 at page 199. Said property is presently titled solely in the name of defendant JAMES GREGORY GLICK;

(c)     Certain real property having a street address of 592 Walnut Street, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated April 12, 2010, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 598 at page 561. Said property is presently titled solely in the name of defendant JAMES GREGORY GLICK;

(d)     Certain real property consisting of .40 acres, having a street address of 275 Airport Road, Logan, Logan County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated July 5, 2011, and recorded in the Office of the Clerk of the County Commission for Logan County, West Virginia, in Deed Book 604 at page 120. Said property is presently titled in the names of defendant WILLIAM JAMEY THOMPSON and another person;

(e)     Cashier's check #306701 dated June 20, 2013 in the amount of $21,372.09 seized from Logan Bank & Trust Account XXX4345 held in the name of defendant JAMES GREGORY GLICK and his deceased father, Phil Glick, Jr.;

(f)     All funds on deposit in Logan Bank & Trust Account XXX4345 held in the name of defendant JAMES GREGORY GLICK and his deceased father Phil Glick, Jr.;

(g)     Cashier's check #31980 dated June 20, 2013 in the amount of $20,038.45 seized from Premier Bank Account XXX5795 held in the name of defendant JAMES GREGORY GLICK;

(h)     All funds on deposit in Premier Bank Account XXX5795 held in the name of defendant JAMES GREGORY GLICK;

(i)     Wire transfer in the amount of $440,434.93 dated on or about June 20, 2013 from UBS Financial to the United States Treasury representing all funds seized from UBS Account LV XX033 held in the name of defendant JAMES GREGORY GLICK;

(j)     All funds on deposit in UBS Account LV XX033 held in the name of defendant JAMES GREGORY GLICK;

(k)     A 2009 Chevrolet Tahoe with VIN 1GNFK23069R214454 registered with the West Virginia Division of Motor Vehicles in the name of defendant JAMES GREGORY GLICK;

(l)     A 2000 Donzi 28 ZX/Daytona Boat with Hull # DNAZ7012I900 registered with the West Virginia Division of Motor Vehicles in the name of defendant WILLIAM JAMEY THOMPSON; and

(m)     A 2009 Chevrolet Malibu with VIN 1G1ZJ57B994156004 registered with the West Virginia Division of Motor Vehicles in the name of defendant SHAWN C. SIMON or another person.

**IT IS FURTHER ORDERED** that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the United States as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the United States any changes to the accounts, and by responding promptly to

requests by the United States for information on the accounts' current status.

**IT IS FURTHER ORDERED**, pursuant to the provisions of 21 U.S.C. § 853(e)(4), that within ten (10) days of receipt of this Order, the defendants shall repatriate and deposit with the registry of this Court any and all properties subject to this Order located outside of the United States over which he has any direct or indirect interest or control, including but not limited to, all such assets that are directly owned by said defendant as well as all such assets that indirectly owned by or credited to said defendant's benefit through its agents, nominees or employees. Said properties shall be deposited pending trial in the registry of this Court, or with the United States Marshals Service or his designee, in an interest-bearing account, if appropriate.

**IT IS FURTHER ORDERED** that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

**IT IS FURTHER ORDERED** that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the United States and an

opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

**IT IS FURTHER ORDERED** that the U.S. Marshal or his designee shall promptly serve a copy of this Restraining Order upon defendants JAMES GREGORY GLICK, GUY R. MILLER, SHAWN C. SIMON and WILLIAM JAMEY THOMPSON, and all other appropriate individuals and/or financial institutions having an interest in the properties identified in this Order and shall a make a return thereon reflecting the date and time of service.

**THIS RESTRAINING ORDER** shall remain in full force and effect until further order of this Court.

DONE this the 30th day of August, 2013.

The Honorable DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE