IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:13-00225-01
 2:13-00225-02
 2:13-00225-04

**JAMES GREGORY GLICK**
**GUY R. MILLER, and**
**WILLIAM JAMEY THOMPSON**

<u>MOTION TO WITHDRAW FROM EXISTING PLEA AGREEMENTS THAT INCLUDE GUILTY PLEA TO COUNT EIGHT OF INDICTMENT AND ENTER GUILTY PLEAS BASED ON AMENDED PLEA AGREEMENTS THAT INCLUDE GUILTY PLEA TO COUNT SEVEN</u>

Comes now the United States of America, by Thomas C. Ryan, Assistant United States Attorney for the Southern District of West Virginia, and moves this Court to convert the April 9, 2014 evidentiary hearing into a "re-plea" hearing allowing, defendants to enter guilty pleas based on amended plea agreements that replace the guilty pleas to Count Eight, a violation of 18 U.S.C. § 844(i), with guilty pleas to Count Seven, a violation of 18 U.S.C. § 844(n), but otherwise materially the same in all respects.  The critical difference is that the defendants will be exposed to a mandatory minimum of five (5) years rather than seven (7) years.

<u>Background</u>

Following the detention hearing held on September 6, 2013, each of the defendants expressed a desire to enter into a plea agreement.

1

As part of the negotiations, the United States agreed to dismiss Count Six, a violation of 18 U.S.C. § 844(h), which carried a consecutive ten-year mandatory sentence of imprisonment. In exchange, each of the defendants agreed to plead guilty to Count Eight, a violation of 18 U.S.C. § 844(i), which carried a seven-year mandatory minimum term of imprisonment, rather than the standard five-year mandatory minimum, because the indictment alleged the "public safety officer injury" enhancement. Specifically, Logan Fire Chief Beckett had testified in the grand jury that he tore meniscus in his left knee when he slipped climbing a ladder during fire suppression efforts at 111 Stratton Street on February 1, 2012 (the "Beckett injury").

Because the Beckett injury increased not only the statutory maximum but also the statutory minimum for a conviction of 18 U.S.C. § 844(i), the issue is an essential element of the offense that must be proven beyond a reasonable doubt. See Alleyne v. United States, 133 S. Ct. 2151 (2013) and Apprendi v. New Jersey, 530 U.S. 545 (2000).

After the plea hearings on February 5, 2014, defense counsel identified documents that indicate that Chief Beckett was injured on February 5, 2012, during fire suppression efforts at the Logan Animal Clinic at 615 Stratton Street (the "Animal Clinic fire"). In response, the investigative agents immediately conducted a subsequent investigation. The agents interviewed additional witnesses and gathered relevant documents. The government shared

all of the results of this endeavor with defense counsel and the probation officer.

In short, the agents identified two key witnesses – fellow firefighters – that saw Chief Beckett injure his knee on February 1, 2012 while fighting the "Glick fire." The documents show that Chief Beckett did not seek medical treatment until most likely the evening of February 6, 2012, and reported his injury as occurring on February 5, 2012 on multiple occasions, when filing a workers' compensation claim and seeking medical treatment the week following both fires. Further, records show that Chief Beckett did not purchase an immobilizing knee brace until the afternoon after the Animal Clinic fire. The agents have not identified any witness that saw or believes that Chief Beckett was injured during the Animal Clinic fire.

### Summary Response

The Beckett injury has a significant impact on the sentences ultimately imposed by the Court in this case. As set forth in the respective presentence reports, but for the Beckett injury, defendant Thompson would face an advisory guideline sentence of 51 to 63 months. Defendant Miller would face an advisory guideline sentence of 63 to 78 months. Although defendant Glick's advisory guideline range exceeds the eighty-four month mandatory minimum, the Beckett injury effectively forecloses any argument for a variance.

In light of the questions raised by the Beckett injury after the plea agreements were executed, the United States has determined, in the interests of justice, that the defendants should not be required to go forward on the respective guilty pleas to Count Eight. From the government's perspective, the issue is this:

> ***Could*** the government satisfy its burden on the Beckett injury and proceed to sentencing on the plea agreements as originally negotiated?  Yes.
>
> ***Should*** the government, in light of the additional information gathered after the plea hearings and the ramifications of the mandatory minimum on the potential sentences imposed in this case, compel the defendants to be convicted of Count Eight by guilty plea rather than a jury verdict?  No.

Simply put, the underlying case is too strong to be shrouded in controversy based on the questions raised about when the Beckett injury occurred.  The detailed information set forth in the respective presentence reports vests the Court with sufficient knowledge of the operative facts and understanding of the history and characteristics of each defendant to fashion an adequate sentence under the law.

### Proposed Course of Action

Without objection from each of the defendants, the United States moves the Court to withdraw from the existing plea agreements.  Each of the defendants has been offered, and accepted, an amended plea agreement that exchanges the respective guilty plea on Count Eight

for a guilty plea on Count Seven, conspiracy to commit arson, which does not include the additional two-year enhancement for a public safety officer injury. Defense counsel are in the process of meeting with their clients to execute the documents.

The United States respectfully suggests that the Court convert the scheduled April 9, 2014 hearing to a "re-plea" hearing, allowing the parties to formally withdraw from the existing plea agreements and enter guilty pleas to the amended plea agreements.

The respective Presentence Reports will only require minor modification to reflect the terms of the amended plea agreements. Further, the Beckett injury presented the only outstanding objection in each of the cases. Accordingly, the parties anticipate that all of the sentencings could go forward in May as scheduled.

for a guilty plea on Count Seven, conspiracy to commit arson, which does not include the additional two-year enhancement for a public safety officer injury. Defense counsel are in the process of meeting with their clients to execute the documents.

The United States respectfully suggests that the Court convert the scheduled April 9, 2014 hearing to a "re-plea" hearing, allowing the parties to formally withdraw from the existing plea agreements and enter guilty pleas to the amended plea agreements.

The respective Presentence Reports will only require minor modification to reflect the terms of the amended plea agreements. Further, the Beckett injury presented the only outstanding objection in each of the cases. Accordingly, the parties anticipate that all of the sentencings could go forward in May as scheduled.

## Conclusion

Based on the foregoing, the United States respectfully moves this Court to allow the parties to withdraw from the existing plea agreements and convert the April 9, 2014 evidentiary hearing scheduled in this matter to plea hearings, allowing each of the defendants to plead guilty to the amended plea agreements. The amended plea agreements do not include reference to the Beckett injury, thus rendering that issue moot for the purpose of the sentencings set in each of these cases in May.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

s/*Thomas C. Ryan*

THOMAS C. RYAN
Assistant United States Attorney
WV State Bar No. 9883
300 Virginia Street, East
Room 4000
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: thomas.ryan@usdoj.gov

6

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "MOTION TO WITHDRAW FROM EXISTING PLEA AGREEMENTS THAT INCLUDE GUILTY PLEA TO COUNT EIGHT OF INDICTMENT AND ENTER GUILTY PLEAS BASED ON AMENDED PLEA AGREEMENTS THAT INCLUDE GUILTY PLEA TO COUNT SEVEN" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 7th day of April, 2014 to:

>James Cagle, Esquire
>caglelaw@aol.com
>
>Michael W. Carey, Esquire
>mwcarey@csdlawfirm.com
>
>Philip Sword, Esquire
>psword@shumanlaw.com
>
>Tim Carrico, Esquire
>tcarrico@carricolaw.com

s/*Thomas C. Ryan*
THOMAS C. RYAN
Assistant United States Attorney
WV State Bar No. 9883
300 Virginia Street, East
Room 4000
Charleston, West Virginia 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: thomas.ryan@usdoj.gov